PATSY HENDRY, Plaintiff-Appellee, v. ORNDA HEALTH CORPORATION, INC., d/b/a LiteLife and LiteLife Program, and n/k/a LighterLife, *et al.*, Defendants-Appellants (John Stoner, Defendant).

Second District    No. 2—99—1448

Opinion filed September 14, 2000.—Rehearing denied March 1, 2001.

Samuel S. McHard, of Law Offices of Sam McHard, P.C., of Rock Island, and Clifford Lee Gunter and Thomas P. Scherschel, both of O'Hagan, Smith & Amundsen, of Geneva, for appellants.

Lawrence J. Griffin, of Eugene L. Griffin & Associates, Ltd., of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendants Ornda Health Corporation, Inc. (Ornda), Tenet Health Care Corporation (Tenet), and Davenport Medical Center (Davenport) (collectively hereafter referred to as corporate defendants) bring this interlocutory appeal from the trial court's order finding personal jurisdiction over them. We affirm and remand the cause.

Plaintiff Patsy Hendry brought a 23-count complaint against the corporate defendants and defendant Dr. John Stoner alleging, *inter alia*, negligence, breach of warranty, fraud, and medical malpractice. The corporate defendants filed a special and limited appearance, objecting to the jurisdiction of the trial court because the corporate defendants were foreign corporations that did not do business in Illinois. Following a hearing, the trial court denied the special and limited appearance. The corporate defendants were given leave to file a supplemental pleading regarding the special and limited appearance. This, too, was denied. The trial court then allowed the corporate defendants' motion for interlocutory appeal. This court denied the initial application for leave to appeal; however, a second such application, brought pursuant to Supreme Court Rule 306(a) (166 Ill. 2d R. 306(a)) was granted, and this appeal followed. Defendant Stoner is not part of this appeal.

The corporate defendants contend that the trial court erred in denying the supplemental special and limited appearance and in finding *in personam* jurisdiction over them. Where, as here, the trial court did not hold an evidentiary hearing but determined jurisdiction solely on the basis of documentary evidence, the standard of review is *de novo*. See *Gaidar v. Tippecanoe Distribution Service, Inc.*, 299 Ill. App. 3d 1034, 1040 (1998).

Hendry alleged in her complaint that she participated in a surgical weight-loss program run by Ornda and since purchased by defendant

Tenet. Hendry learned of the program through television advertisements in Illinois and via a videotape that she ordered from the program. Litelife program dispatched a limousine to drive Hendry from her home in Aurora, Illinois, to the Davenport Medical Center in Davenport, Iowa, for a consultation. Eventually, Dr. Stoner performed a silastic ring vertical gastroplasty (stomach stapling) on Hendry at Davenport. Approximately eight months later, Hendry returned to Davenport, and Stoner performed a single panniculectomy (tummy tuck) to remove excess abdominal skin that had resulted from Hendry's weight loss of over 100 pounds. Following that surgery, Hendry suffered from constant and substantial pain, drainage from open wounds, and frequent bleeding, even after a follow up with Stoner in Davenport. The injuries, pain, suffering, and subsequent medical treatments required are the basis for the damages sought in this case.

■ Both Hendry and the corporate defendants agree that the defendants were foreign corporations, not licensed in Illinois. An Illinois trial court may exercise jurisdiction over such corporations based upon (a) the fact that the corporation has been found to be "doing business" in Illinois or (b) compliance with the requirements of the long-arm statute, section 2—209(a)(1) of the Code of Civil Procedure (Code) (735 ILCS 5/2—209(a)(1) (West 1994)). *General Electric Railcar Services Corp. v. Wilmington Trust Co.*, 208 Ill. App. 3d 459, 463-64 (1990).

■ Jurisdiction based upon a party's "doing business" in Illinois was recognized by the courts before it was codified as section 2—209(b)(4) of the Code (735 ILCS 5/2—209(b)(4) (West 1994)). See *Gaidar*, 299 Ill. App. 3d at 1041. A nonresident corporation is considered to have consented to jurisdiction if it is doing business in Illinois. *Rokeby-Johnson v. Derek Bryant Insurance Brokers, Ltd.*, 230 Ill. App. 3d 308, 318 (1992). There is no comprehensive test for determining what activity amounts to "doing business"; however, if a corporation is conducting business in Illinois of such character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of Illinois, the corporation may be found to be "doing business" in Illinois. See *Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill. 2d 190, 201 (1981). "Doing business" requires activities greater than mere solicitation by employees who have authority only to solicit business (*Cook*, 87 Ill. 2d at 201), and business activity in the state must be carried on with a fair measure of permanence and continuity, not occasionally or casually. *Rokeby-Johnson*, 230 Ill. App. 3d at 318. The decision as to whether a corporation's activities in Illinois are sufficiently permanent and continuous must be made on a case-by-case basis on the unique situation presented. *Hulsey v. Scheidt*, 258 Ill. App. 3d 567, 572 (1994).

Hendry relies upon 11 "verified facts" to support a finding that the corporate defendants were "doing business" in Illinois. Hendry alleged that the corporate defendants (1) employed Illinois residents; (2) treated Illinois patients; (3) granted Illinois physicians admitting privileges; (4) were under contract with many Illinois-based organizations, such as Deere and Company, Heritage National Healthplan, Inc., Trinity Physician Hospital Organization, Ltd., and Trinity Hospital Organization, Ltd.; (5) advertised their programs in Illinois by way of radio, television, newspaper (*i.e.*, the Chicago Tribune), and the Yellow Pages, which were all targeted to Illinois residents; (6) had employees that served as faculty and lectors for seminars and conferences that took place in Illinois; (7) had presented as many as seven seminars about the LiteLife program in Illinois; (8) arranged and paid for 30 separate limousine trips (at a total cost of $8,821) from Illinois to Iowa for their Illinois LiteLife patients; (9) sent promotional videos to as many as 35 Illinois residents who were ultimately treated; (10) circulated to Illinois patients eight different newsletters that they published; and (11) obtained authorizations from two LiteLife patients who were Illinois residents to provide testimonials for use in promotional materials. The corporate defendants counter with the facts that Hendry was not treated in Illinois, the corporate defendants do not treat any of their patients in Illinois, all treatment is administered in Iowa, and the corporate defendants have no offices in Illinois.

■ We conclude that the corporate defendants were not "doing business" in Illinois. The vast majority of Hendry's allegations point to nothing more than the advertising of the corporate defendants' services in Illinois. The fact that employees, patients, and doctors travel from Illinois to Iowa to in some way be part of the corporate defendants' operations does not demonstrate that the corporate defendants chose to submit to the protection of Illinois laws. All the services provided under the contracts with Illinois-based organizations were provided in Iowa, not Illinois. Furthermore, merely entering into a contract with a resident of Illinois is not sufficient by itself to subject a nonresident to *in personam* jurisdiction in Illinois. See *Mellon First United Leasing v. Hansen*, 301 Ill. App. 3d 1041, 1048 (1998). The only real contact the corporate defendants had with Illinois was the transportation they provided for 15 Illinois residents to visit the hospital in Iowa. Three patients in 1995 and twelve patients in 1996 were transported from Illinois to Iowa, fourteen by limousine and one by airplane. No transportation was provided in 1997 or 1998. These contacts were neither sufficiently permanent nor continuous to find that the corporate defendants were "doing business" in Illinois; these

contacts were very limited and were discontinued after only a short period. Personal jurisdiction over the corporate defendants cannot be found under section 2—209(b)(4) of the Code.

However, personal jurisdiction may be found under the long-arm statute also. The transaction of business within Illinois submits a person to the jurisdiction of the courts of this state as to any cause of action arising from that transaction. See 735 ILCS 5/2—209(a)(1) (West 1994). In this case, the corporate defendants twice hired limousines to transport Hendry from her home in Illinois to Iowa and back home during the course of her treatment. This, we conclude, was a transaction of business in Illinois sufficient to invoke personal jurisdiction over the corporate defendants. The corporate defendants argue that they did not own or control the limousine service and the service was not an agent or an employee of the corporate defendants; therefore, since all the consultations and medical treatment took place in Iowa, the corporate defendants transacted no business in Illinois. However, by sending the limousines into Illinois to fetch and return Hendry, the corporate defendants moved beyond merely advertising and soliciting business in Illinois to physically getting business in Illinois and transporting it to Iowa. They provided a service—transportation—in Illinois. The fact that they did not operate the transportation service is irrelevant. By providing the transportation through a hired limousine service, the corporate defendants have transacted business in Illinois.

The corporate defendants cite a line of cases in which Illinois residents who traveled to other states for medical treatment were not allowed to prosecute malpractice actions in Illinois for injuries arising out of the treatments. See, *e.g.*, *Rogers v. Furlow*, 699 F. Supp. 672 (N.D. Ill. 1988); *Veeninga v. Alt*, 111 Ill. App. 3d 775 (1982); *Ballard v. Rawlins*, 101 Ill. App. 3d 601 (1981); *Muffo v. Forsyth*, 37 Ill. App. 3d 6 (1976). However, none of these cases makes so broad a statement regarding jurisdiction. Furthermore, each decision is based on the particular facts of the case, and none is exactly on point. *Veeninga, Ballard*, and *Muffo* involved Illinois residents filling prescriptions made by out-of-state doctors. More instructive in this case is *Rogers*, wherein the Illinois plaintiff sued in federal court in Illinois the Mayo Clinic of Minnesota and several doctors at the clinic for injuries resulting from surgery performed in Minnesota. The court found that "the mere exchange of phone calls and letters" between the plaintiff and the defendants did not constitute "transacting business" for purposes of the statute. *Rogers*, 699 F. Supp. at 675. In none of these cases did the defendant provide for the physical transportation of the plaintiff to the place of business and the return to his or her home. The corporate

defendants did not merely solicit plaintiff. They did not merely passively accept the patronage of plaintiff. They sought plaintiff's business and physically brought her to Iowa to partake of their services. This entry into Illinois through the use of the hired limousine service provides sufficient contact with Illinois for us to conclude that the corporate defendants transacted business in Illinois and are subject to personal jurisdiction in this state.

For these reasons, the judgment of the circuit court of Kane County is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

BOWMAN, P.J., and HUTCHINSON, J., concur.