2-00-0949

No. 2--00--0949

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

__________________________________________________________________

LIAQUAT KHAN, ) Appeal from the Circuit Court

) of Du Page County.

Plaintiff-Appellant, ) 

)

v. ) No. 00--AR--1287

)

VAN REMMEN, INC., and ) 

THOMAS HAYNES, ) Honorable

) Richard A. Lucas,

Defendants-Appellees. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Liaquat Khan, filed suit in the circuit court of Du Page County against defendants, Van Remmen, Inc. (VRI), and Thomas Haynes, alleging that they failed to pay all of the wages due to him pursuant to an employment agreement.  Defendants filed special and limited appearances and moved to quash the summons served upon them, arguing lack of 
in personam
 jurisdiction.  Plaintiff brings this appeal from the trial court's order granting defendants' motion to quash and dismissing plaintiff's action.

The record reveals that VRI was in the business of hiring technically trained individuals to work for its customers on a temporary basis.  Haynes was the president of VRI.  Plaintiff alleged in his complaint that from 1995 through 1998 he and VRI were parties to an employment agreement (agreement).  The agreement provided that plaintiff would work for J.I. Case Corporation in Racine, Wisconsin, at the rate of $28.50 per hour and would receive 1½ times that rate for overtime work.  Plaintiff attached an unsigned copy of the agreement to his complaint.  Another exhibit to the complaint, a letter on VRI letterhead, indicated that effective June 17, 1996, plaintiff's hourly rate was increased to $29.50 per hour, with an overtime rate of $44.25 per hour.

Plaintiff alleged that VRI did not pay the overtime rate as specified in the agreement and thus owed him $28,823.50.  Plaintiff sought recovery under the Illinois Wage Payment and Collection Act (Wage Act or Act) (820 ILCS 115/1 
et seq.
 (West 1998)) and under the theories of breach of contract and promissory estoppel.

Defendants' motion to quash alleged that VRI was a Delaware corporation with its principal place of business in Racine, Wisconsin, and that Haynes was a Wisconsin resident.  Defendants argued that there was no basis for personal jurisdiction over them because (1) they did not have sufficient contacts with Illinois to be deemed "doing business" in Illinois; (2) the "transaction" upon which plaintiff based his complaint, namely, the agreement between plaintiff and VRI, was performed in Wisconsin; and (3) the Wage Act did not confer jurisdiction over them.

In an affidavit in support of the motion to quash, Haynes averred that VRI had no offices in Illinois, had no Illinois telephone number, did not advertise in Illinois, and issued all of its payroll checks in Wisconsin.  Further, Haynes stated that plaintiff initiated contact with VRI by calling VRI's personnel manager and asking if he could find plaintiff employment.  Plaintiff then sent his resume to VRI.  VRI reviewed his resume and informed plaintiff that VRI could place him in a position in Wisconsin.  Haynes stated that plaintiff and VRI "discussed the terms of employment, but no written employment agreement was signed."  According to Haynes, plaintiff worked for J.I. Case from June 19, 1995, through March 11, 1998, and all of his work was performed in Wisconsin.

The Haynes affidavit further indicated that VRI employed approximately 50 employees from 1995 through the time of the affidavit.  From 1995 through 1997, VRI placed one Wisconsin resident with an Illinois corporation.  In 1998, VRI placed two Illinois residents with an Illinois company.  In 1999, VRI did not recruit any Illinois residents to work in Illinois companies, and in 2000, one Illinois resident was recruited to work for an Illinois company.

Plaintiff filed a counteraffidavit in which he averred that VRI paid for his travel from Chicago to Racine, Wisconsin.  Contrary to Haynes, plaintiff stated that the employment agreement was executed and it was executed in Illinois.  According to plaintiff, VRI sent him two originals of the agreement, both signed by an agent of VRI.  Plaintiff signed both agreements in Illinois and sent one of the agreements back to VRI.

Plaintiff further alleged that VRI advertised in Illinois through a website that solicited resumes from Illinois residents and listed employment available in Illinois.  Plaintiff attached to his affidavit printouts of the alleged VRI website pages.  The address of the website was "http://vritech.com."  However, the pages themselves stated that they were for a company called "JTT Technical Services."  Plaintiff averred that "JTT Technical Support" was a division of VRI.  

Last, plaintiff stated "upon information and belief" that there were additional VRI employees working in Illinois whom Haynes did not disclose in his affidavit.

After hearing argument, the trial court ruled that plaintiff had failed to demonstrate that defendants had sufficient contacts with Illinois to subject them to personal jurisdiction and granted the motion to quash.  Plaintiff's appeal followed.

Plaintiff contends that the trial court had jurisdiction over VRI and Haynes because (1) VRI was doing business in Illinois, (2) the employment agreement was a transaction substantially connected to Illinois, and (3) VRI and Haynes committed tortious acts in Illinois, namely, violations of the Wage Act.  The applicable standard of review is 
de novo
 where, as here, the trial court did not hold an evidentiary hearing but determined jurisdiction solely on the basis of documentary evidence.  
Hendry v. Ornda Health Corp., Inc.
, 318 Ill. App. 3d 851, 852 (2000).  The plaintiff bears the burden of showing that a valid basis exists for exercising jurisdiction over a defendant.  
Mellon First United Leasing v. Hansen
, 301 Ill. App. 3d 1041, 1047 (1998).

When determining whether jurisdiction is proper over a nonresident defendant, courts evaluate whether jurisdiction is proper under the long-arm statute and whether jurisdiction would comport with constitutional standards of due process.  
Mellon
, 301 Ill. App. 3d at 1047-48.  If the plaintiff fails to show that the long-arm requirements have been met, there is no need to determine whether jurisdiction is permissible under the due process clause.  
Ideal Insurance Agency, Inc. v. Shipyard Marine, Inc.
, 213 Ill. App. 3d 675, 678 (1991).

DOING BUSINESS IN ILLINOIS

We first consider plaintiff's contention that the trial court's ruling was in error because VRI was doing business in Illinois.  An Illinois court may exercise jurisdiction over any natural person or corporation doing business within this state.  735 ILCS 5/2--209(b)(4) (West 1998).

No bright-line test exists for determining whether a corporation is doing business in Illinois.  A corporation is subject to jurisdiction if it conducts business within this state of such character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of Illinois.  
Hendry
, 318 Ill. App. 3d at 853.  It is well established that to qualify as "doing business" a corporation's business activity in the state must be fairly permanent and continuous, not occasional or casual.  
Hendry
, 318 Ill. App. 3d at 853.  Courts must make a case-by-case determination on the unique facts presented when deciding whether a corporation's activities are sufficiently permanent and continuous to satisfy the "doing business" standard.  
Hendry
, 318 Ill. App. 3d at 853.

As support for his argument that VRI was doing business in Illinois, plaintiff relies upon the following two facts: (1) VRI's placement of four individuals with Illinois companies between 1995 and 2000; and (2) VRI's solicitation of resumes from Illinois residents through its website.  Based on the record before us, we conclude that plaintiff did not sustain his burden of showing that VRI had continuous and permanent contact with Illinois such that imposing jurisdiction would be justified.

According to the affidavit of defendant Haynes, between 1995 and 1997 VRI placed one Wisconsin resident with an Illinois corporation.  In 1998 it placed two Illinois residents with an Illinois corporation.  In 1999 it recruited no Illinois residents to work for Illinois companies, and in 2000 it recruited one Illinois resident to work for an Illinois company.  While plaintiff claims "upon information and belief" that additional employees not revealed by VRI were employed at Illinois locations, he has failed to provide any actual evidence to support this claim.  Further, averments made upon information and belief do not meet the requirements of Supreme Court Rule 191 (145 Ill. 2d R. 191) governing affidavits and are insufficient to rebut an affidavit containing positive averments of fact based upon an affiant's personal knowledge.  
Allied American Insurance Co. v. Mickiewicz
, 124 Ill. App. 3d 705, 709 (1984).  We do not consider the placement of four employees with Illinois companies over a five-year period to be sufficiently permanent or continuous contacts to constitute "doing business" in Illinois.

Contrary to plaintiff's assertion, the fact that a nonresident corporation has clients in Illinois does not necessarily lead to the conclusion that the corporation was doing business in Illinois.  In 
Radosta v. Devil's Head Ski Lodge
, 172 Ill. App. 3d 289, 296 (1988), the court held that defendant World Wide Ski Corporation (World Wide) was not doing business in Illinois because it "only had three customers in Illinois and no agents, offices, sales force or other connection to the forum."  The court further noted that the record did not provide details regarding World Wide's relationship with its three Illinois customers other than indicating that the contracts for World Wide's services had been entered in Colorado.  
Radosta
, 172 Ill. App. 3d at 296.  As in 
Radosta
, the record in this case provides no details pertaining to  VRI's relationships with its Illinois customers.  Further, VRI had no offices in Illinois, no Illinois phone number, and no other permanent or continuous connection with Illinois that would establish that it was doing business in Illinois.

Next, we review plaintiff's contention that VRI maintained a website through which it advertised in Illinois and solicited business from Illinois residents.  Plaintiff's affidavit states as follows regarding the website:

"Van Remmen advertises in Illinois, and in that advertisement solicits Illinois persons to submit resumes in Illinois, and lists employment available to Illinois.  This it does through its VRI Technical Support Division, now named JTT Technical Support.  A copy of the advertisement, found on the Internet at 
www.vritech.com
 is attached hereto as Exhibit A."

The copies of the web pages themselves contain large logos for "JTT Technical Services."  One of the pages provides a Wisconsin address and phone number for JTT Technical Services (JTT) and a form that one could submit to JTT indicating a person's area of interest.  The page that provides information about JTT states that it is a contract and permanent staffing service that was founded in 2000.  The copyright on each page states "©2000 JTT Technical Services."  The only indication that the website has any connection with VRI is the web address "
http://vritech.com/
" shown at the top of the pages.  

VRI did not file an affidavit rebutting plaintiff's averments regarding the website.  Plaintiff argues, therefore, that we must accept his averments as true.  When courts review affidavits submitted in connection with challenges to personal jurisdiction, " 'such conflicts as do exist in the affidavits and pleadings must be resolved in plaintiff's favor for purposes of determining whether a 
prima facie
 case for 
in personam
 jurisdiction has been established.' "  
Professional Group Travel, Ltd. v. Professional Seminar Consultants, Inc.
, 136 Ill. App. 3d 1084, 1089 (1985), quoting 
Kutner v. DeMassa
, 96 Ill. App. 3d 243, 247-48 (1981).  Where well-alleged facts contained in an affidavit are not contradicted by a counteraffidavit, they must be taken as true notwithstanding contrary averments in the adverse party's pleadings.  
Professional Group Travel
, 136 Ill. App. 3d at 1089.   However, we do not take as true affidavits or portions thereof that do not meet the requirements of Supreme Court Rule 191(a) (145 Ill. 2d R. 191(a)).  

 Rule 191(a) provides in relevant part:

"[A]ffidavits submitted in connection with a special appearance to contest jurisdiction over the person, as provided by section 2--301(b) of the Code of Civil Procedure, shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." 145 Ill. 2d R. 191(a).

An affidavit satisfies this rule " 'if from the document as a whole it appears the affidavit is based on the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents.' "  
Allied American
, 124 Ill. App. 3d at 708, quoting 
Burks Drywall, Inc. v. Washington Bank & Trust Co.
, 110 Ill. App. 3d 569, 576 (1982).  When an affidavit consists of mere conclusions, rather than evidentiary facts, it does not comply with Rule 191(a) and does not provide a sufficient basis
 to support personal jurisdiction over the defendant.  
Kutner
, 96 Ill. App. 3d at 249.  

In our view, plaintiff's averments that the website belonged to VRI and that JTT Technical Services was a division of VRI are conclusions unsupported by any evidentiary facts.  Nothing in the copy of the JTT advertisement indicated what, if any, relationship existed between JTT and VRI or that VRI had any proprietary interest in the website.  Further, plaintiff did not set forth any facts in his affidavit that could lead to the reasonable inference that he had personal knowledge of VRI's or JTT's corporate structure.  For these reasons, the averments regarding the website did not meet the requirements of Rule 191(a) and were not sufficient to meet plaintiff's burden of establishing that VRI was doing business in Illinois. 

TRANSACTING BUSINESS WITHIN ILLINOIS 

Plaintiff also argues that jurisdiction over VRI was proper under the long-arm statute because his cause of action arose from VRI's transaction of business in Illinois (see 735 ILCS 5/2--209)(a)(1) (West 1998)).  A defendant transacts business in Illinois "when substantial performance of contractual duties is to be rendered in Illinois or when the defendant invokes the benefits and protections of Illinois law in the contractual relationship."  
Poplar Grove State Bank v. Powers
, 218 Ill. App. 3d 509, 518 (1991).  To meet the requirements of section 2--209(a)(1) of the  Code of Civil Procedure (Code) (735 ILCS 5/2--209(a)(1) (West 1998)), a plaintiff must show that (1) the defendant transacted business in Illinois; (2) the cause of action arose from this transaction of business; and (3) personal jurisdiction was consistent with due process.  
Gaidar v. Tippecanoe Distribution Service, Inc.
, 299 Ill. App. 3d 1034, 1045-46 (1998).  A plaintiff's claim "arises from" the transaction of business if it " 'lies in the wake' of the commercial activities by which the  defendant submitted to the jurisdiction of Illinois courts."  
Gaidar
, 299 Ill. App. 3d at 1046.  Courts may consider only the defendant's acts when determining whether a defendant transacted business in Illinois.  
Poplar Grove
, 218 Ill. App. 3d at 518.

The following factors are relevant to the determination of whether a particular transaction amounts to transacting business in Illinois: who initiated the transaction, where the contract was entered into, and where performance of the contract was to take place.  
Poplar Grove
, 218 Ill. App. 3d at 518.  None of these factors is controlling, but each is significant.  
Ideal Insurance
, 213 Ill. App. 3d at 680-81.  A defendant does not transact business in Illinois merely by entering into a contract that involves an Illinois resident.  
Poplar Grove
, 218 Ill. App. 3d 519.

Plaintiff argues that VRI transacted business in Illinois because (1) the employment agreement was executed in Illinois, and (2) the agreement was partly performed in Illinois because VRI compensated plaintiff for his travel back and forth between Illinois and Wisconsin.  Our review of the record leads us to conclude that neither of these facts establishes that VRI substantially performed its contractual duties in Illinois or that VRI invoked the benefits and protections of Illinois law.

The uncontested allegations in defendant Haynes's affidavit establish that plaintiff initiated contact with VRI by calling VRI's personnel manager and inquiring about employment opportunities.  After plaintiff sent his resume to VRI via facsimile, VRI telephoned plaintiff and informed him that he could be placed in a job in Wisconsin.  No representative of VRI ever set foot in Illinois in connection with this transaction.

Plaintiff contends that the employment agreement was executed in Illinois because VRI sent him two copies of the agreement, both of which had already been signed by an agent of VRI. Plaintiff averred that he signed both copies of the agreement in Illinois and sent one copy back to VRI.  Plaintiff's assertion that the contract was executed in Illinois is problematic for two reasons.  First, although plaintiff stated in his affidavit that he received a partially executed contract from VRI and he then completed execution by signing the contract, no signed copies of the contract appear in the record.  The copy of the contract attached to the complaint is not signed by either party.

As set forth above, Supreme Court Rule 191(a) requires that affidavits filed in connection with a challenge to personal jurisdiction "shall have attached thereto sworn or certified copies of all papers upon which the affiant relies."  145 Ill. 2d R. 191(a).  No sworn or certified copy of the executed agreement is attached to plaintiff's affidavit, nor does one appear anywhere else in the record.  For this reason, we cannot conclude that the contract was ever executed, much less that it was executed in Illinois.  Further, even if we assumed 
arguendo
 that plaintiff's version of events was true,  the mere execution of a contract in Illinois is not by itself a sufficient transaction of business to trigger the application of the long-arm statute.  
Ideal Insurance
, 213 Ill. App. 3d at 681-82.

Next, we consider plaintiff's argument that specific jurisdiction over VRI was appropriate because "[p]laintiff was specifically compensated under the contract for performance of acts in Illinois."  Plaintiff cites two cases as support for this proposition: 
First National Bank of Chicago v. Boelcskevy
, 126 Ill. App. 3d 271 (1984), and 
E.A. Cox Co. v. Road Savers International Corp.
, 271 Ill App. 3d 144 (1995).  Plaintiff misapprehends the rule of law regarding performance of contractual duties in Illinois in connection with long-arm jurisdiction.  The relevant inquiry is not whether the 
plaintiff
 partially performed the contract in Illinois, but whether the 
defendant
 performed any part of the contract in Illinois.  As we noted above, only the acts of the defendant may be considered when determining whether the defendant transacted business in Illinois.  The cases plaintiff cites are in agreement with this principle.  See 
Boelcskevy
, 126 Ill. App. 3d at 274 ("A defendant transacts business in Illinois when substantial performance of 
his or her
 contractual duties is to be rendered in Illinois" (emphasis added)); 
Cox
, 271 Ill. App. 3d at 149 ("By its terms, the agreement [between the parties] provides for part performance 
by the defendant in Illinois
.  Since the plaintiff's action is grounded upon allegations of breach of a contract that contemplated commercial activity 
on the part of the defendant in this State
, we believe that the plaintiff's complaint pleads sufficient facts to establish the long-arm jurisdiction of the courts of Illinois under a transaction of business theory" (emphasis added)).

Consequently, whether plaintiff performed part of his contractual duties in Illinois by traveling to his work place is irrelevant.  Plaintiff has not provided any evidence that VRI performed any contractual duties in Illinois.  Again, even assuming that the employment agreement attached to the complaint accurately represented the parties' duties, VRI's duty under the agreement was to pay plaintiff for the work he performed.  There is no evidence that any representative of VRI came to Illinois in connection with negotiating the agreement or paying plaintiff his wages.  Moreover, the VRI payroll checks were issued in Wisconsin.  Thus, plaintiff has not established that VRI performed any of its contractual duties in Illinois.  

We also find no indication in the record that VRI sought the benefits or protections of Illinois law through its agreement with plaintiff.  The employment agreement does not state that Illinois law governed the relationship between plaintiff and VRI.  We conclude therefore that section 2--209(a)(1) does not confer jurisdiction over VRI.

  COMMISSION OF A TORTIOUS ACT WITHIN ILLINOIS

Plaintiff's final contention is that jurisdiction exists under section 2--209(a)(2) of the Code (735 ILCS 5/2--109(a)(2) (West 1998)), which provides that a person submits to jurisdiction as to any cause of action arising from the commission of a tortious act within this State.   Plaintiff argues that VRI and Haynes committed the "statutory tort" of violating the Wage Act.

The Wage Act "applies to all employers and employees in this  State, including employees of units of local government and school districts, but excepting employees of the State or Federal government[]."  820 ILCS 115/1 (West 1998).  The Act further provides that "[t]he Department of Labor shall be authorized to enter into agreements with other states to collect unpaid wages from out-of-state employers and to perform reciprocal services for such states in the State of Illinois."  820 ILCS 115/7 (West 1998).

"The purpose of the Act is to provide employees with a cause of action for the timely and complete payment of earned wages or final compensation without retaliation from employers; this cause of action arises out of the employment contract."  
Miller v. Kiefer Specialty Flooring, Inc.
, 317 Ill. App. 3d 370, 374 (2000).  

Defendants argue that the Wage Act applies only to Illinois employers and employees.  Therefore, because defendants are not employers in the State of Illinois, the Act does not apply to them and jurisdiction cannot be based upon an alleged violation of the Act.  Plaintiff responds that consideration of this argument would constitute a decision on the merits, which is inappropriate when the only issue at hand is whether jurisdiction exists.  Additionally, plaintiff contends that defendants should be considered employers within this state.

As defendants point out, a court may make a preliminary inquiry into whether the complaint states a cause of action against a defendant who contests jurisdiction to insure that acts or omissions that form the basis of a cause of action that is patently without merit will not serve to confer jurisdiction.  
Wiedemann v. Cunard Line Ltd.
, 63 Ill. App. 3d 1023, 1030 (1978).  Contrary to plaintiff's assertions, determining whether the Wage Act authorizes actions by Illinois residents against out-of-state employers goes to whether the complaint, on its face, states a cause of action against defendants.  If plaintiff's cause of action based on the Wage Act is patently without merit, then the acts or omissions that form the basis of that cause of action cannot create jurisdiction over VRI or Haynes.

We reject plaintiff's attempt to characterize defendants as "Illinois employers" based on VRI's placement of a few individuals with Illinois companies.  Section 1 of the Wage Act limits the application of the Wage Act to "all employers and employees in this State."  820 ILCS 115/1 (West 1998).  Section 2 of the Wage Act defines "employer" as follows:

"[A]ny individual, partnership, association, corporation, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed."  820 ILCS 115/2 (West 1998).

While VRI was a "labor placement agency," it was not a labor placement agency within this state.  The fact that VRI placed four individuals with Illinois companies over a five-year period does not change our conclusion.  VRI had its principal place of business in Wisconsin, had no physical presence in Illinois, and did not place plaintiff with an Illinois company.  Thus, we reject plaintiff's assertion that defendants were "Illinois employers."  In so doing we do not purport to create an all-encompassing definition of "employers in this State" for purposes of the Wage Act.  Rather, we determine only that under the circumstances of this case plaintiff has not pleaded any facts from which we could conclude that VRI or Haynes was an employer in this state.  

We next consider whether plaintiff can state a cause of action against an out-of-state employer under the Wage Act. This issue appears to be one of first impression for Illinois courts.  In 
Glass v. Kemper, Inc.
, 920 F. Supp. 928 (N.D. Ill. 1996), 133 F.3d 999 (7th Cir. 1998), both the federal district court and the federal appellate court held that the Wage Act applies "only to Illinois employees working for Illinois employers."  
Glass
, 920 F. Supp. at 931.  Consequently, both courts concluded that a claim under the Wage Act by an individual who was not an Illinois resident against an Illinois employer was properly dismissed.  

Here, we are faced with the converse situation--a claim by an Illinois resident against a nonresident employer.  While we are not bound by the decisions of the lower federal courts (
Hinterlong v. Baldwin
, 308 Ill. App. 3d 441, 452 (1999)), we agree with the analysis and conclusion in 
Glass
 that the Wage Act applies only to Illinois employees and Illinois employers.

Looking at the Wage Act as a whole, it is clear that the legislature intended for it to apply only to Illinois employees and Illinois employers.  If the legislature had intended to authorize Illinois residents to sue nonresident employers, then section 7 of the Wage Act (820 ILCS 115/7 (West 1998)), which allows the Department of Labor to enter into reciprocal agreements with other states to collect unpaid wages from out-of-state employers, would  be superfluous.  Such an interpretation would contravene the rule of statutory construction that a court must look at a statute as a whole and construe it, if possible, so that no term is rendered superfluous or meaningless (see 
Texaco-Cities Service Pipeline Co. v. McGaw
, 182 Ill. 2d 262, 270 (1998)).  Moreover, we agree with the 
Glass
 court that applying the Wage Act to nonresident employers would constitute extraterritorial enforcement of an Illinois statute, thus violating the rule that an Illinois statute has no extraterritorial force and is operative only as to persons or things within Illinois.  
Glass
, 920 F. Supp. at 931-32, citing 
Wimmer v. Koenigseder
, 108 Ill. 2d 435, 441 (1985).   For these reasons, we conclude that an Illinois resident does not have a cause of action against an out-of-state employer under the Wage Act.  Therefore, plaintiff cannot state a claim against defendants and cannot rely on alleged violations of the Wage Act as the basis for jurisdiction over them.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and BYRNE, JJ., concur.