GARY FORRESTER, Plaintiff-Appellant, v. SEVEN SEVENTEEN HB ST. LOUIS REDEVELOPMENT CORPORATION, d/b/a "Adam's Mark, the Hotel of St. Louis," Defendant-Appellee.

Fourth District  No. 4—02—0278

Argued September 17, 2002.—Opinion filed December 16, 2002.

Gary D. Forrester (argued), of Phebus & Winkelmann, of Urbana, appellant *pro se*.

Stephen M. O'Byrne (argued), of Rawles, O'Byrne, Stanko & Kepley, P.C., of Champaign, for appellee.

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Gary Forrester, appeals *pro se* the January 22, 2002, order of the Champaign County circuit court quashing service on defendant and dismissing plaintiff's small-claims complaint. We affirm.

## I. BACKGROUND

According to plaintiff's small-claims complaint, plaintiff spent the night of October 6, 2001, at defendant hotel in downtown St. Louis. Plaintiff made the reservation for his stay over the phone by calling defendant from plaintiff's home in Illinois. Plaintiff guaranteed his reservation by giving defendant a credit card number.

On the night of October 6, 2001, plaintiff's car was damaged while it was parked in defendant's parking facility in St. Louis, Missouri. Defendant refused to accept liability or pay for any of the damage. Plaintiff filed suit to recover for the damages to his car in small-claims court in the Champaign County, Illinois, circuit court.

On November 16, 2001, defendant responded by filing an objection to jurisdiction and motion to quash service. Attached was an affidavit of Timothy Tata, the general manager of the hotel. This affidavit stated that defendant was a Missouri corporation with its principal place of business located at Fourth and Chestnut Streets, in the City of St. Louis, Missouri. Defendant owns no property or real estate in Illinois, does not transact business in Illinois, has no registered agent in Illinois, has no Illinois telephone number, and has never sold insurance in Illinois.

On November 19, 2001, plaintiff filed an affidavit in response to defendant's objection to jurisdiction and motion to quash service. This affidavit generally restated the allegations in plaintiff's small-claims complaint: plaintiff called defendant to make a reservation from his home in Champaign, Illinois, and plaintiff provided defendant with his credit card number. Plaintiff's affidavit further concluded that he and defendant had entered into an Illinois contract.

On November 29, 2001, defendant filed a supplemental affidavit. This affidavit stated that defendant has a cancellation policy and that

it informs all persons making reservations of this policy. A person who gives a credit card number when making a reservation can cancel the reservation without consequence at any time prior to 4 p.m. on the date of arrival. Charges are made on the guest's credit card pursuant to the telephone authorization only if the guest fails to appear on the arrival date and has not cancelled his or her reservation prior to 4 p.m. on the arrival date.

On December 3, 2001, plaintiff filed a supplemental affidavit. This affidavit concluded that, to plaintiff's knowledge and belief, defendant has transacted business in Illinois within the meaning of section 2—209 of the Illinois Code of Civil Procedure (long-arm statute) (735 ILCS 5/2—209 (West 2000)). Defendant also made a contract that was substantially connected with Illinois and was wholly performed on plaintiff's side in Illinois and performed in substantial part on defendant's side in Illinois within the meaning of the Illinois long-arm statute. The affidavit further stated plaintiff got defendant's toll-free telephone number from a website on the Internet; that reservations at defendant hotel can be made on the Internet; there is an "Adam's Mark Hotel" in Chicago, Illinois; and defendant advertises in Illinois.

On December 17, 2001, defendant filed a motion to strike plaintiff's supplemental affidavit in part. The trial court denied the motion to strike.

On January 22, 2002, the trial court ultimately granted defendant's motion to quash service. Plaintiff filed a motion to reconsider, which was denied. In March 2002, plaintiff then filed a motion to vacate the order denying the motion to reconsider; and in April 2002, the court denied it. Plaintiff appeals.

## II. ANALYSIS

This case presents the question of whether the Illinois courts may exercise personal jurisdiction over defendant hotel, a Missouri corporation. The trial court did not hold an evidentiary hearing, but decided the issue on the pleadings; therefore, our review is *de novo*. *Stein v. Rio Parismina Lodge*, 296 Ill. App. 3d 520, 523, 695 N.E.2d 518, 520-21 (1998).

■ Plaintiff argues that Illinois courts can exercise personal jurisdiction over defendant pursuant to the long-arm statute, specifically sections 2—209(a), (b), and (c) of the Code of Civil Procedure. 735 ILCS 5/2—209(a), (b), (c) (West 2000). Courts apply a two-step analysis when a plaintiff argues for jurisdiction under the long-arm statute: (1) determine whether jurisdiction is proper under the statute; and if so, (2) determine if jurisdiction is permissible under the federal constitution's due process clause. *Stein*, 296 Ill. App. 3d at 524, 695

N.E.2d at 521. The analysis may begin with either step: if jurisdiction is not found under the long-arm statute, then there is no need to determine whether jurisdiction is constitutionally permissible; and if exercising jurisdiction would offend due process, then there is no need to address the application of the long-arm statute. *Stein*, 296 Ill. App. 3d at 524, 695 N.E.2d at 521.

■ The long-arm statute provides in pertinent part:

"(a) Any person, whether or not a citizen or resident of this [s]tate, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this [s]tate as to any cause of action arising from the doing of such acts:

(1) [t]he transaction of any business within this [s]tate;
* * *
(7) [t]he making or performance of any contract or promise substantially connected with this [s]tate.
* * *
(b) A court may exercise jurisdiction in any action arising within or without this [s]tate against any person who:
* * *
(4) [i]s a natural person or corporation doing business within this [s]tate.

(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2—209 (West 2000).

Defendant also argues that the trial court erred in denying his motion to reconsider. We address each argument in turn.

### A. Specific Jurisdiction Under Section 2—209(a)

■■ Section 2—209(a) of the long-arm statute gives Illinois courts personal jurisdiction over an out-of-state defendant when that defendant commits one of the acts enumerated in the statute. This jurisdiction is specific and limited to a cause of action that arises directly from the commission of one of these enumerated acts. 735 ILCS 5/2—209(a) (West 2000). Plaintiff claims that defendant has committed the following acts enumerated in section 2—209(a): "[t]he transaction of any business within this [s]tate" (735 ILCS 5/2—209(a)(1) (West 2000)), and "[t]he making or performance of any contract or promise substantially connected with this [s]tate" (735 ILCS 5/2—209(a)(7) (West 2000)). Specifically, plaintiff argues that when he called defendant to make a reservation for a hotel room, defendant was transacting business in Illinois (section 2—209(a)(1)), and defendant was making or performing a contract substantially con-

nected to Illinois (section 2—209(a)(7)). Plaintiff further argues that his cause of action arises directly out of the alleged Illinois contract between him and defendant under the doctrine of *infra hospitium*. *Infra hospitium* is a common-law doctrine that imposes strict liability on innkeepers. See *Plant v. Howard Johnson's Motor Lodge*, 500 N.E.2d 1271 (Ind. App. 1986). Therefore, plaintiff argues, because defendant committed these enumerated acts in Illinois, and plaintiff's cause of action arises directly from defendant's actions in Illinois, the Champaign County circuit court can exercise personal jurisdiction over defendant in this case.

■ We first address plaintiff's argument that defendant transacted business within this state when plaintiff called to make a reservation (section 2—209(a)(1)). According to plaintiff, this created an Illinois contract. Assuming there was a contract, and it was executed in Illinois, "the mere execution of a contract in Illinois is not by itself a sufficient transaction of business to trigger the application of the long-arm statute." *Khan v. Van Remmen, Inc.*, 325 Ill. App. 3d 49, 58, 756 N.E.2d 902, 911 (2001). Instead, the courts consider who initiated the transaction, where the parties entered the contract, and where defendant would have performed the contract. *Campbell v. Mills*, 262 Ill. App. 3d 624, 628, 634 N.E.2d 41, 44 (1994). "The relevant inquiry is not whether the *plaintiff* partially performed the contract in Illinois, but whether the *defendant* performed any part of the contract in Illinois." (Emphases in original.) *Khan*, 325 Ill. App. 3d at 58, 756 N.E.2d at 911. In this case, plaintiff initiated the transaction by calling defendant hotel to make a reservation, and defendant's performance of the contract, which was to provide plaintiff with lodging, was to occur exclusively in Missouri. As defendant was not required to do anything in Illinois, there is no jurisdiction on this basis.

We next address plaintiff's argument that defendant made a contract substantially connected with Illinois when plaintiff called defendant hotel to make a reservation (section 2—209(a)(7)). Assuming a contract was made over the phone, the contract was not substantially connected with Illinois. This was an alleged contract to provide lodging in St. Louis, Missouri. Plaintiff chose to travel to Missouri. Defendant was not required to do anything at all in Illinois. Other than the fact that plaintiff was from Illinois, everything about this contract connected to Missouri. "The mere making of a contract with a forum resident does not constitute a consent to jurisdiction." *Buxton v. Wyland Galleries Hawaii*, 275 Ill. App. 3d 980, 983, 657 N.E.2d 708, 710 (1995), citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-79, 85 L. Ed. 2d 528, 545, 105 S. Ct. 2174, 2185 (1985). There is no jurisdiction on this basis.

## B. General Jurisdiction Under Section 2—209(b)(4)

■ Section 2—209(b)(4) of the long-arm statute gives Illinois courts personal jurisdiction over an out-of-state defendant who is "doing business within this [s]tate." This jurisdiction is general and may be exercised in any cause of action arising anywhere against the defendant. 735 ILCS 5/2—209(b)(4) (West 2000).

We initially note that a hotel is in the business of providing lodging. Defendant hotel, located in St. Louis, Missouri, has never provided lodging in Illinois. Nor has plaintiff alleged that defendant sent any goods into Illinois. In short, we do not believe that defendant hotel is "doing business" in Illinois. However, plaintiff argues that defendant is doing business in Illinois because there is a website through which people can make reservations with defendant; there is an Adam's Mark hotel in Chicago, Illinois; there is an Illinois toll-free telephone number, Illinois advertising in the "yellow pages," and other Illinois advertising; and because of the contract with plaintiff.

■ The allegations about the Adam's Mark hotel in Chicago, the website, and the Illinois advertising appear in plaintiff's supplemental affidavit. Defendant did not file any affidavits rebutting plaintiff's allegations. Therefore, plaintiff argues, we must accept his averments as true. See *Professional Group Travel, Ltd. v. Professional Seminar Consultants, Inc.*, 136 Ill. App. 3d 1084, 1089, 483 N.E.2d 1291, 1295 (1985) (where well-alleged facts in an affidavit are not contradicted by a counteraffidavit, they must be taken as true). "However, we do not take as true affidavits or portions thereof that do not meet the requirements of Supreme Court Rule 191(a) (145 Ill. 2d R. 191(a))." *Khan*, 325 Ill. App. 3d at 56, 756 N.E.2d at 909.

Rule 191(a) provides in pertinent part:

"[A]ffidavits submitted in connection with a special appearance to contest jurisdiction over the person, as provided by section 2—301(b) of the Code of Civil Procedure, shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." 145 Ill. 2d R. 191(a) (as worded effective until July 1, 2002).

Plaintiff's supplemental affidavit did not comply with Rule 191(a). The attached papers were not sworn or certified, the affidavit primarily consisted of legal conclusions without supporting facts, and the affidavit did not affirmatively show that plaintiff could testify as to its

contents. Plaintiff suggests that the shortcomings should be overlooked because the trial judge did not tell the parties to follow the rules. Plaintiff also points out that the trial court denied defendant's motion to strike plaintiff's supplemental affidavit.

●8 We are not persuaded by these justifications. Plaintiff provides no authority for his suggestion that Rule 191(a) did not have to be followed in this case. We therefore are not obligated to consider plaintiff's averments about defendant hotel doing business in Illinois by operating a website and by the existence of an "Adam's Mark Hotel" in Chicago, Illinois. However, even if the allegations in plaintiff's supplemental affidavit demonstrated that defendant was doing business in Illinois, we would still decline to exercise jurisdiction over defendant, because, as discussed below, such exercise would offend constitutional due process protections.

## C. Jurisdiction to the Extent Permitted by the Illinois and Federal Constitutions

■ ■ Section 2—209(c) allows a court to exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States. 735 ILCS 5/2—209(c) (West 2000). Federal constitutional due process protection requires that a nonresident defendant have certain minimum contacts with the forum state such that maintenance of the suit there does not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343 (1940). The following criteria are looked at in determining whether due process will be satisfied: (1) whether the nonresident defendant had "minimum contacts" with the forum state such that it had "fair warning" that it might be required to defend itself there; (2) whether the action arose out of or relates to the defendant's contacts with the forum; and (3) whether it is reasonable to require defendant to litigate in the forum state. *Burger King Corp.*, 471 U.S. at 471-78, 85 L. Ed. 2d at 540-44, 105 S. Ct. at 2181-85. The Supreme Court of Illinois has also stated that under the Illinois Constitution's due process guarantee jurisdiction may only be exercised if it is:

> "fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 141 Ill. 2d 244, 275, 565 N.E.2d 1302, 1316 (1990).

In *Pilipauskas v. Yakel*, 258 Ill. App. 3d 47, 629 N.E.2d 733 (1994), the defendants, owners of a lodge in Michigan, distributed brochures

in Illinois through a marketing association, made approximately 100 calls to Illinois each year, almost half their guests came from Illinois, and when plaintiffs called defendant, defendant mailed them promotional materials. The court found that exercising jurisdiction over defendants would offend due process. *Pilipauskas*, 258 Ill. App. 3d at 59, 629 N.E.2d at 741.

In *Excel Energy Co. v. Pittman*, 239 Ill. App. 3d 160, 606 N.E.2d 637 (1992), the plaintiffs found an advertisement for equipment sold by defendant in a national magazine, contacted defendant about buying the equipment, and then traveled to Oklahoma to purchase the equipment. The court found that exercising jurisdiction over defendants would offend due process. *Excel Energy*, 239 Ill. App. 3d at 164, 606 N.E.2d at 640.

■ In this case, defendant advertises in Illinois, people from Illinois contact defendant, and people from Illinois choose to travel to Missouri to utilize defendant's services. Defendant in this case has not done anything more than defendants in *Pilipauskas*, *Excel Energy*, or any of a number of other cases where the courts have found that Illinois could not exercise jurisdiction over out-of-state hotels or lodges just because they advertised in Illinois and had clients from Illinois. See, *e.g.*, *Radosta v. Devil's Head Ski Lodge*, 172 Ill. App. 3d 289, 526 N.E.2d 561 (1988); *Kadala v. Cunard Lines, Ltd.*, 226 Ill. App. 3d 302, 589 N.E.2d 802 (1992); *Stein*, 296 Ill. App. 3d 520, 695 N.E.2d 518.

All that defendant has done in this case is to advertise in Illinois and make a contract with an Illinois resident. Plaintiff chose to contact defendant, and plaintiff chose to travel to Missouri. Considering the quality and nature of defendant's acts that occur in Illinois, which are merely advertising, and that defendant's business of providing lodging in Missouri does not affect any interests in Illinois, we find exercising jurisdiction over defendant would be not fair, just, or reasonable.

We finally note that plaintiff has tried very hard to turn this into an "Internet" case. It is alleged that a website exists that allows persons to make reservations at defendant hotel over the Internet. Plaintiff argues that "defendant's [I]nternet activities alone *** are a sufficient basis for general jurisdiction." We disagree. Via its website, defendant hotel allegedly advertises its services and provides a means for customers to contact defendant to make reservations. We do not see how this is qualitatively any different than an ad in any other medium that provides a phone number or other means to contact defendant hotel to make reservations. See, *e.g.*, *Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F. Supp. 2d 1082, 1088 (E.D. Mo. 2001) (a website that allows persons to make reservations at a hotel over the Internet "is not unlike a toll-free reservations hotline").

## D. Motion to Reconsider

Plaintiff's argument that the trial court erred in denying the motion to reconsider and motion to vacate the order denying the motion to reconsider is based on the premise that plaintiff had made a *prima facie* showing for exercising jurisdiction over defendant. Defendant had not filed any counteraffidavits, and therefore, according to plaintiff, the trial court should have either denied the motion to quash or conducted an evidentiary hearing. However, as we held above, we do not believe that plaintiff did make a *prima facie* showing for exercising jurisdiction over defendant, and even if plaintiff did, exercising jurisdiction over defendant would offend constitutional due process protections. We therefore affirm.

## III. CONCLUSION

We affirm the trial court's judgment.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.