NOTICE

Decision filed 04/24/07. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-05-0476

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| ALVIN HOWARD, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) St. Clair County. |
| | ) |
| v. | ) No. 02-L-48 |
| | ) |
| MISSOURI BONE AND JOINT CENTER, INC., | ) |
| | ) Honorable |
| | ) Lloyd A. Cueto, |
| Defendant-Appellee and Cross-Appellant. | ) Judge, presiding. |

_____

JUSTICE WEXSTTEN[1] delivered the opinion of the court:

The plaintiff, Alvin Howard, appeals the circuit court's order finding that it lacked personal jurisdiction over the defendant, Missouri Bone and Joint Center, Inc. We affirm.

FACTS

On January 23, 2002, the plaintiff filed a complaint seeking damages for physical injuries and monetary losses arising out of the defendant's negligence in providing athletic training services to him in Missouri.

On March 1, 2002, the defendant filed a motion to dismiss the plaintiff's complaint for a lack of personal jurisdiction. In support of its motion, the defendant submitted an affidavit from Leo A. Whiteside, the defendant's president, setting forth the following facts. The defendant is a Missouri corporation with its principal place of business and corporate headquarters in Missouri. The defendant has no facilities in Illinois. The defendant owns

_____

[1]Justice Hopkins participated in oral argument. Justice Wexstten was later substituted on the panel and has read the briefs and listened to the audiotape of oral argument.

1

no property in Illinois. The defendant transacts no business in Illinois. The defendant is not registered to do business in Illinois. The fitness center that the defendant owns and operates has no activities conducted at locations other than the Missouri facility.

The plaintiff's attorney filed an affidavit in opposition to the defendant's motion to dismiss for a lack of personal jurisdiction. In the affidavit, the plaintiff's attorney stated that the defendant maintains an interactive website at mobojo.com that is accessible to persons residing in Illinois. Persons who access the website can fill out a form to request an appointment, fill out a patient survey, and contact the defendant with comments. The plaintiff's attorney stated that the defendant admitted sending flyers to high school and college coaches within a 100-mile radius (which included Illinois) inviting coaches to attend informational meetings. The plaintiff's attorney stated that the defendant admitted giving a presentation on injury prevention at Sparta High School, located in Sparta, Illinois, on April 5, 2002.

On July 9, 2002, the circuit court denied the defendant's motion to dismiss. The defendant filed a petition for leave to appeal to this court, but the petition was denied.

Approximately three years later, at the conclusion of the presentation of the plaintiff's evidence at a bench trial, the defendant renewed the motion to dismiss the plaintiff's complaint for a lack of personal jurisdiction. The renewed motion was denied.

On May 13, 2005, the circuit court entered a judgment in favor of the plaintiff for $458,470.03.

On June 1, 2005, the defendant filed a motion for a rehearing/modification and to vacate the judgment. The defendant asked the court to reconsider, *inter alia*, its ruling on personal jurisdiction. The defendant incorporated its previous motion to dismiss and the memorandum in support thereof and directed the court's attention to case law that had been filed subsequent to the original hearing.

2

On July 22, 2005, the circuit court vacated the earlier judgment in favor of the plaintiff, declared that it lacked personal jurisdiction over the defendant, and dismissed the case for a lack of jurisdiction. The plaintiff appeals.

ANALYSIS

The plaintiff argues that the circuit court erred in considering the defendant's motion for a rehearing on the issue of personal jurisdiction. We disagree.

Section 2-1203(a) of the Illinois Code of Civil Procedure states:

"§2-1203. Motions after judgment in non[]jury cases. (a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2002).

In the case at hand, the defendant filed a motion for a rehearing/modification and to vacate the judgment within the required 30-day time period, and the defendant asked the court to reconsider its ruling on personal jurisdiction. Although the motion was timely, the plaintiff claims that the circuit court could only consider that motion if (1) newly discovered evidence had not been available at the original hearing, (2) a change in the law had occurred since the original hearing, or (3) the court made an error in its previous application of existing law. See *Weidner v. Midcon Corp.*, 328 Ill. App. 3d 1056, 1061 (2002). We disagree. Where a trial court does not have personal jurisdiction over a party, any order or judgment entered against that party is void and subject to direct or collateral attack at any time. See *Sullivan v. Bach*, 100 Ill. App. 3d 1135, 1140 (1981).

The plaintiff contends that the circuit court erred in finding that it did not have personal jurisdiction over the defendant, because the exercise of jurisdiction did not offend federal or state guarantees of due process (735 ILCS 5/2-209(c) (West 2000)) and because

3

the defendant was "doing business within Illinois." See 735 ILCS 5/2-209(b)(4) (West 2000). We disagree.

In making the determination that it had personal jurisdiction over the defendant, the circuit court did not conduct an evidentiary hearing. Therefore, our review of the personal jurisdiction issue is *de novo*. See *Rosier v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 561 (2006).

Initially, we note that the plaintiff bears the burden of establishing a *prima facie* basis upon which jurisdiction over the out-of-state defendant could be exercised. *Khan v. Van Remmen, Inc.*, 325 Ill. App. 3d 49, 53 (2001). The due process clause of the fourteenth amendment to the federal constitution limits the instances in which a state may assert personal jurisdiction over a nonresident corporate defendant. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 85 L. Ed. 2d 528, 540, 105 S. Ct. 2174, 2181 (1985). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp.*, 471 U.S. at 471-72, 85 L. Ed. 2d at 540, 105 S. Ct. at 2181 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 90 L. Ed. 95, 104, 66 S. Ct. 154, 160 (1945)). For that reason, the plaintiff must demonstrate that the out-of-state defendant had the necessary minimum contacts with the forum state. *Riemer v. KSL Recreation Corp.*, 348 Ill. App. 3d 26, 33-34 (2004). The minimum-contacts standard ensures that requiring an out-of-state resident to defend in the forum "does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co.*, 326 U.S. at 316, 90 L. Ed. at 102, 66 S. Ct. at 158 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343 (1940)); see *Zazove v. Pelikan, Inc.*, 326 Ill. App. 3d 798, 803 (2001). A nonresident defendant can only be subjected to the authority of the forum state if the defendant's conduct and connections with the forum are such that it is reasonably

4

foreseeable that it would be haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

In the instant case, there is no dispute that the plaintiff's suit neither arises from nor relates to his activities within Illinois; hence, the court was limited to exercising general jurisdiction over the out-of-state defendant. See *Borden Chemicals & Plastics, L.P. v. Zehnder*, 312 Ill. App. 3d 35, 41-42 (2000). Federal standards permit a court to exercise general jurisdiction over a nonresident only where the nonresident has continuous and systematic general business contacts with the forum. *Borden Chemicals & Plastics, L.P.*, 312 Ill. App. 3d at 41. Illinois limits general jurisdiction over nonresidents to instances in which the nonresident was "present and doing business" in the forum. *Braband v. Beech Aircraft Corp.*, 72 Ill. 2d 548, 554-55 (1978); see 735 ILCS 5/2-209(b)(4) (West 2002). The doing-business standard requires a showing that a nonresident defendant was carrying on business activity in Illinois " 'not occasionally or casually, but with a fair measure of permanence and continuity.' " *Maunder v. DeHavilland Aircraft of Canada, Ltd.*, 102 Ill. 2d 342, 351 (1984) (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917)). The doing-business standard is high, and generally, " 'doing business' means conducting business in Illinois of such a character and to such an extent that it may be inferred that the defendant has subjected itself to the jurisdiction and laws of this state and is bound to appear when properly served." *Riemer*, 348 Ill. App. 3d at 35; see also *Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill. 2d 190, 201 (1981). "In effect, the foreign corporation has taken up residence in Illinois and, therefore, may be sued on causes of action both related and unrelated to its activities in Illinois." *Riemer*, 348 Ill. App. 3d at 35; see also *Rosier*, 367 Ill. App. 3d at 563.

In the instant case, to show that the defendant had continuous and systematic general business contacts in Illinois and was "present and doing business" in Illinois, the plaintiff

claims that the defendant maintained an interactive website that allowed people to make appointments, fill out patient surveys, and ask the defendant questions. Additionally, to bolster the minimum-contacts argument, the plaintiff claims that the defendant advertised in Illinois by inviting coaches to informational meetings and that the defendant gave an injury-prevention presentation in Sparta, Illinois, on April 5, 2002.

We note that this presentation in Sparta occurred several months after the complaint in the instant case had been filed. A review of the record shows that this was the sole presentation given in Illinois and that all other presentations were given in Missouri. The contacts to be reviewed span the time between approximately January 10, 2001 (when the plaintiff was allegedly injured by the defendant), and January 31, 2002, after the suit was filed (January 23, 2002) and service was accomplished on all the defendants (the last defendant was served on January 31, 2002). See *Riemer v. KSL Recreation Corp.*, 348 Ill. App. 3d 26, 40-41 (2004); *Reeves v. Baltimore & Ohio R.R. Co.*, 171 Ill. App. 3d 1021, 1027 (1988). Hence, we will not consider the sole presentation in Illinois, even though it would not change our ultimate decision in this case.

The plaintiff relies on the "sliding scale" approach (see *Larochelle v. Allamian*, 361 Ill. App. 3d 217, 225 (2005); *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997); *Publications International, Ltd. v. Burke/Triolo, Inc.*, 121 F. Supp. 2d 1178 (N.D. Ill. 2000)) to support his claim that he established the necessary minimum contacts.

In *Zippo Manufacturing Co.*, the court stated as follows:

"[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well[-]developed personal jurisdiction principles. At one end of the spectrum are situations where a

6

defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. [Citation.] At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. [Citation.] The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site."

*Zippo Manufacturing Co.*, 952 F. Supp. at 1124.

See also *Maritz, Inc. v. Cybergold, Inc.*, 947 F. Supp. 1328 (E.D. Mo. 1996); see generally R. Bourque & K. Konrad, *Avoiding Jurisdiction Based on Internet Web Site*, N.Y. L.J., Dec. 10, 1996, at 1; R. Zembek, *Jurisdiction and the Internet: Fundamental Fairness in the Networked World of Cyberspace*, 6 Alb. L.J. Sci. & Tech. 339 (1996).

We disagree with the arbitrary "sliding scale" approach adopted by *Zippo Manufacturing Co.* and *Publications International, Ltd.* and approved in *Larochelle*, 361 Ill. App. 3d at 225 (by the Second District Appellate Court) and *Bombliss v. Cornelsen*, 355 Ill. App. 3d 1107, 1114 (2005) (by the Third District Appellate Court).

Instead, we find that the web page's level of interactivity is irrelevant. In reality, an interactive website is similar to telephone or mail communications. A passive website is much the same as advertising on the radio or in a magazine. An ad on the Internet is no different than an ad in any other medium that provides a telephone number or other means to contact a potential defendant. It is mere advertisement or solicitation of business. Illinois

7

courts have long held that a mere advertisement or solicitation is not enough to sustain personal jurisdiction in Illinois. See *Cook Associates, Inc.*, 87 Ill. 2d at 201 (soliciting business); *Radosta v. Devil's Head Ski Lodge*, 172 Ill. App. 3d 289 (1988) (a trade show, maintaining an Illinois telephone number, and various other forms of advertising); *Kadala v. Cunard Lines, Ltd.*, 226 Ill. App. 3d 302 (1992) (newspaper ads, travel brochures, and solicitation by travel agents); *Dal Ponte v. Northern Manitoba Native Lodges, Inc.*, 220 Ill. App. 3d 878 (1991) (trade shows through an agent). Although the type of Internet activity that is necessary to establish minimum contacts is an emerging area of jurisprudence (see *Rosier*, 367 Ill. App. 3d at 562; *Larochelle v. Allamian*, 361 Ill. App. 3d 217 (2005); *Bombliss v. Cornelsen*, 355 Ill. App. 3d 1107, 1114 (2005); *Jennings v. AC Hydraulic A/S*, 383 F.3d 546 (7th Cir. 2004); *Forrester v. Seven Seventeen HB St. Louis Redevelopment Corp.*, 336 Ill. App. 3d 572 (2002); *Berthold Types Ltd. v. European Mikrograf Corp.*, 102 F. Supp. 2d 928 (N.D. Ill. 2000)), we find: "[T]he Internet does not pose unique jurisdictional challenges. People have been inflicting injury on each other from afar for a long time. Although the Internet may have increased the quantity of these occurrences, it has not created problems that are qualitatively more difficult." A. Stein, *Personal Jurisdiction and the Internet: Seeing Due Process Through the Lens of Regulatory Precision*, 98 Nw. U. L. Rev. 411, 411 (2004). Virtually every corporate defendant maintains some type of website, and that virtual presence does not indicate a deliberate intention to enter the market. The standard is whether the defendant had "continuous and systematic general business contacts with the forum" (*Borden Chemicals & Plastics, L.P.*, 312 Ill. App. 3d at 41) or whether the defendant was carrying on a business activity in Illinois " 'not occasionally or casually, but with a fair measure of permanence and continuity' " (*Maunder*, 102 Ill. 2d at 351 (quoting *Tauza*, 220 N.Y. at 267, 115 N.E. at 917)).

That is not the case here. The defendant's conduct amounts to advertising or

8

solicitation of business and is similar to the conduct in *Pilipauskas v. Yakel*, 258 Ill. App. 3d 47, 59 (1994), where the defendants, owners of a lodge in Michigan, distributed brochures in Illinois through a marketing association and made approximately 100 calls to Illinois each year, almost half of the defendants' guests came from Illinois, and the defendants mailed the plaintiffs promotional materials once the plaintiffs called the defendants. The court found that exercising jurisdiction over the defendants would offend due process. *Pilipauskas*, 258 Ill. App. 3d at 59.

This case is also similar to *Excel Energy Co. v. Pittman*, 239 Ill. App. 3d 160, 164 (1992), where the plaintiffs found an advertisement for equipment sold by the defendant in a national magazine, contacted the defendant about buying the equipment, and then traveled to Oklahoma to purchase the equipment. The court found that exercising jurisdiction over the defendants would offend due process. *Excel Energy Co.*, 239 Ill. App. 3d at 164.

Likewise, in the instant case, the defendant's conduct in sending brochures to all coaches within a 100-mile radius of the defendant's Missouri business amounts to advertising and soliciting business in Illinois. The defendant has done nothing more than the defendants in *Pilipauskas*, *Excel Energy Co.*, or any other cases where the courts have found that Illinois could not exercise jurisdiction over out-of-state defendants merely because they advertised in Illinois and had clients from Illinois. See *Radosta*, 172 Ill. App. 3d 289; *Kadala*, 226 Ill. App. 3d 302; *Stein v. Rio Parismina Lodge*, 296 Ill. App. 3d 520, 523 (1998). The plaintiff chose to contact the defendant, and the plaintiff chose to travel to Missouri for training. Considering the quality and nature of the defendant's acts that occurred in Illinois, which were merely advertising, and that the defendant's business of training athletes in Missouri does not affect any interests in Illinois, we find that exercising jurisdiction over the defendant would not be fair, just, or reasonable.

For the foregoing reasons, we affirm the circuit court's grant of the defendant's motion

for reconsideration and find that the defendant's contacts with Illinois were not sufficient for the court to exercise jurisdiction over the defendant. Further, we disagree with the plaintiff's assertions that, for public policy reasons, we should reverse the circuit court's order. In so holding, we emphasize that we have based our decision on personal jurisdiction case law that existed before the complaint in the instant case was filed, even though this court is free to consider any relevant new case law. Due to our disposition of the personal jurisdiction issue, we need not consider the defendant's cross-appeal or the response thereto.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.


Affirmed.


CHAPMAN and STEWART[2], JJ., concur.

---

[2]Justice McGlynn participated in oral argument. Justice Stewart was later substituted on the panel and has read the briefs and listened to the audiotape of oral argument.

NO. 5-05-0476

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| ALVIN HOWARD, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) St. Clair County. |
| | ) |
| v. | ) No. 02-L-48 |
| | ) |
| MISSOURI BONE AND JOINT CENTER, INC., | ) |
| | ) Honorable |
| | ) Lloyd A. Cueto, |
| Defendant-Appellee and Cross-Appellant. | ) Judge, presiding. |

**Opinion Filed**: April 24, 2007

**Justices**: Honorable James M. Wexstten, J.

Honorable Melissa A. Chapman, J., and
Honorable Bruce D. Stewart, J.,
Concur

**Attorneys for Appellant** — William J. Knapp, Elizabeth A. Bradley, Knapp, Ohl & Green, 6100 Center Grove Road, P.O. Box 466, Edwardsville, IL 62025

**Attorneys for Appellee** — Clyde L. Kuehn, The Kuehn Law Firm, 23 Public Square, Suite 450, Belleville, IL 62220; James R. Mendillo, Freeark, Harvey, Mendillo, Dennis, Wuller, Cain & Murphy, P.C., 115 West Washington Street, Belleville, IL 62222