NOTICE

Decision filed 06/17/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-08-0605

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| BRUCE HIGGINS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) Madison County. |
| | ) |
| v. | ) No. 00-L-907 |
| | ) |
| DAVID G. RICHARDS, | ) Honorable |
| | ) Barbara L. Crowder, |
| Defendant-Appellee and Cross-Appellant. | ) Judge, presiding. |

_____

JUSTICE WEXSTTEN delivered the opinion of the court:

In the circuit court of Madison County, the plaintiff, Bruce Higgins, successfully sued the defendant, David G. Richards, in a negligence action stemming from an automobile accident that occurred in St. Louis County, Missouri. On appeal, the plaintiff contends that he is entitled to a new trial on the issue of damages. The defendant cross-appeals arguing that the judgment entered against him is void for a lack of personal jurisdiction. For the reasons that follow, we agree with the defendant.

BACKGROUND

In September 1998, the defendant, a resident of Ellisville, Missouri, and an employee of West County Motor Company (West County) in Manchester, Missouri, took the plaintiff, a resident of Madison County, for a test drive in one of West County's BMW automobiles. While demonstrating the BMW's capabilities, the defendant attempted to negotiate a turn at a high rate of speed, lost control of the vehicle, and crashed into an embankment behind a department store in Manchester. The plaintiff suffered resulting injuries, and in September 2000, he brought suit against West County and the defendant in the circuit court of Madison

1

County. The record indicates that on October 9, 2000, West County and the defendant were both served with a summons in Missouri.

In January 2001, West County filed a motion to dismiss for a lack of personal jurisdiction pursuant to section 2-301 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-301 (West 2000)). The motion alleged, *inter alia*, that the circuit court did not have personal jurisdiction over West County because West County's contacts with Illinois were insufficient to justify that jurisdiction and because the plaintiff's complaint failed to "allege any connection between the cause of action and the forum in which the matter [was] brought." In a memorandum subsequently filed in support of its motion to dismiss, West County specifically maintained that none of the factors enumerated in the Illinois long-arm statute (735 ILCS 5/2-209 (West 2000)) supported a finding of personal jurisdiction. In April 2001, the circuit court entered an order granting West County's motion to dismiss.

In January 2004, finding that the defendant had been served with summons but had "failed to appear or otherwise plead in [the] cause," the circuit court entered a default judgment against him. In response, the defendant promptly filed, in a single document, a motion to set aside the default judgment pursuant to section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2004)) and a motion to dismiss for a lack of personal jurisdiction pursuant to section 2-301. As West County had previously done, the defendant referenced the Illinois long-arm statute in support of his argument that the circuit court should dismiss the cause against him for a lack of personal jurisdiction. In May 2004, the circuit court entered an order granting the defendant's motion to set aside the default judgment but denying his motion to dismiss for a lack of personal jurisdiction. Thereafter, in his answer to the plaintiff's complaint, the defendant asserted a lack of personal jurisdiction as an affirmative defense. In July 2004, the circuit court entered a summary judgment on the issue of the defendant's liability and set the cause for a trial on damages only.

2

In June 2007, following numerous continuances and case management conferences, the defendant filed a motion to reconsider the denial of his motion to dismiss for a lack of personal jurisdiction. The defendant's motion to reconsider alleged that he had committed no acts submitting him to the jurisdiction of the circuit court under the Illinois long-arm statute and that the plaintiff had failed to allege any basis that would provide the circuit court with jurisdiction over his person. The motion further noted that in April 2001, the circuit court had granted West County's motion to dismiss for a lack of personal jurisdiction on the same grounds.

In August 2007, following a hearing on the matter, the circuit court entered an order denying the defendant's motion to reconsider the denial of his motion to dismiss for a lack of personal jurisdiction. Adopting the plaintiff's argument, the court noted that because the defendant's combined motion to set aside the default judgment and dismiss for a lack of personal jurisdiction was not filed in parts with each part specifying the statutory section under which each request for relief was being brought, the motion failed to comply with section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2004)) and thus failed to comply with the requirements of section 2-301(a) of the Code (735 ILCS 5/2-301(a) (West 2004)). Quoting section 2-301(a-5) of the Code (735 ILCS 5/2-301(a-5) (West 2004)), the court then held, "Failure to follow the strictures of 2-301(a) 'waives all objections to the court's jurisdiction over the party's person.' "

Pursuant to Supreme Court Rule 306(a)(3) (210 Ill. 2d R. 306(a)(3)), the defendant subsequently filed a petition for leave to appeal, which this court denied as untimely. Following this court's denial of the defendant's petition for rehearing, the defendant filed a petition for leave to appeal in the supreme court, which was also denied.

In January 2008, the cause proceeded to a jury trial on the issue of damages, and on the jury's verdict, the circuit court entered a judgment in favor of the plaintiff and against the

3

defendant in the amount of $28,784. The present appeals followed.

DISCUSSION

On appeal, the plaintiff contends that he is entitled to a new trial on the issue of damages, and the defendant cross-appeals, arguing, *inter alia*, that the judgment entered against him is void for a lack of personal jurisdiction. We agree that the judgment entered against the defendant is void, and we accordingly vacate it.

"The United States Supreme Court has determined that a state's power to invoke personal jurisdiction over a nonresident defendant is limited by the due process clause of the fourteenth amendment (U.S. Const., amend. XIV)." *Riemer v. KSL Recreation Corp.*, 348 Ill. App. 3d 26, 34 (2004) (citing *Maunder v. DeHavilland Aircraft of Canada, Ltd.*, 102 Ill. 2d 342, 348 (1984)). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 85 L. Ed. 2d 528, 540, 105 S. Ct. 2174, 2181 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 90 L. Ed. 95, 104, 66 S. Ct. 154, 160 (1945)). "The due process clause [thus] limits a state's exercise of personal jurisdiction over a nonresident defendant to those instances where the defendant had at least 'minimum contacts' with the state." *Commercial Coin Laundry Systems v. Loon Investments, LLC.*, 375 Ill. App. 3d 26, 30 (2007). The minimum-contacts standard ensures "that a nonresident will not be haled into a forum solely as a result of random, fortuitous, or attenuated contacts with the forum or the unilateral acts of a consumer or some other third person." *Rosier v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 562 (2006). "When determining whether jurisdiction is proper over a nonresident defendant, courts evaluate whether jurisdiction is proper under the long-arm statute and whether jurisdiction would comport with constitutional standards of due process" (*Khan v. Van Remmen, Inc.*, 325 Ill. App. 3d 49, 53-54 (2001)), and "where the contacts

4

between an out-of-state defendant and [an] Illinois plaintiff satisfy both federal and state due process concerns, the requirements of the long-arm statute have been met" (*Commerce Trust Co. v. Air 1st Aviation Cos.*, 366 Ill. App. 3d 135, 141 (2006)). In any event, "[t]he plaintiff bears the burden of establishing a *prima facie* basis upon which jurisdiction over an out-of-state resident may be exercised." *Rosier*, 367 Ill. App. 3d at 561.

Initially, we note that the plaintiff has never attempted to establish a *prima facie* basis upon which personal jurisdiction over the defendant could be exercised in the present case, nor has he ever contested the merits of the defendant's contentions regarding the circuit court's lack of personal jurisdiction. Given that the only connection between the plaintiff's suit and the circuit court of Madison County is that the plaintiff is a resident of Madison County, this is understandable. Instead, the plaintiff has consistently maintained, as he does on appeal, that by failing to strictly comply with section 2-301, the defendant waived all objections to the circuit court's lack of jurisdiction. Because the issue before us is purely a matter of statutory construction, our review is *de novo*. *People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416, 423 (2005).

When a court construes a statute, the "primary objective is to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself." *People v. Perry*, 224 Ill. 2d 312, 323 (2007). "In addition, where a statute is clear and unambiguous, courts cannot read into the statute limitations, exceptions, or other conditions not expressed by the legislature," and courts "should evaluate a statutory provision as a whole rather than reading phrases in isolation." *People v. Glisson*, 202 Ill. 2d 499, 505 (2002). "[C]ourts are [also] obliged to construe statutes to avoid absurd, unreasonable, or unjust results ***." *Roselle Police Pension Board v. Village of Roselle*, 232 Ill. 2d 546, 558-59 (2009).

In pertinent part, section 2-301 states as follows:

5

"(a) Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person *** by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process. Such a motion may be made singly or included with others in a combined motion, but the parts of a combined motion must be identified in the manner described in Section 2-619.1. ***

(a-5) If the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/2-301(a), (a-5) (West 2004). Section 2-619.1 provides as follows:

"Motions with respect to pleadings under Section 2-615, motions for involuntary dismissal or other relief under Section 2-619, and motions for summary judgment under Section 2-1005 may be filed together as a single motion in any combination. A combined motion, however, shall be in parts. Each part shall be limited to and shall specify that it is made under one of Sections 2-615, 2-619, or 2-1005. Each part shall also clearly show the points or grounds relied upon under the Section upon which it is based." 735 ILCS 5/2-619.1 (West 2004).

Ostensibly, section 2-619.1 was the legislature's response to the fact that "[r]eviewing courts have long disapproved of [the] slipshod practice" of filing hybrid motions to dismiss pursuant to both sections 2-615 and 2-619, because those motions "cause[] unnecessary complication and confusion." *Talbert v. Home Savings of America, F.A.*, 265 Ill. App. 3d 376, 379 (1994).

When denying the defendant's motion to reconsider the denial of his motion to dismiss

6

for a lack of personal jurisdiction, the circuit court determined that the defendant's combined motion to set aside the default judgment and dismiss for a lack of personal jurisdiction failed to comply with section 2-619.1 because the motion was not filed in parts with each part specifying the statutory section under which each request for relief was being brought. The court thus determined that the combined motion was not filed in compliance with section 2-301(a) and that, pursuant to section 2-301(a-5), the defendant had therefore waived his objections to the court's lack of personal jurisdiction. By its own terms, however, section 2-619.1 is applicable only to motions combining motions filed pursuant to any two of its three listed sections, *i.e.*, sections 2-615, 2-619, and 2-1005 of the Code (735 ILCS 5/2-615, 2-619, 2-1005 (West 2004)). *Cf. Botello v. Illinois Central R.R. Co.*, 348 Ill. App. 3d 445, 450 (2004) (noting that "by its own terms, Supreme Court Rule 191(a) is applicable only to affidavits under sections 2-1005, 2-619, and 2-301(b) of the Code of Civil Procedure [citation] *** and does not apply to affidavits filed in conjunction with any other type of civil proceedings"). We thus interpret section 2-301(a)'s use of the term "combined motion" as referring only to a motion combining motions filed pursuant to any two of the three sections referenced in section 2-619.1. Section 2-301(a) specifically refers to the "manner described in Section 2-619.1," section 2-619.1 specifically refers to sections 2-615, 2-619, and 2-1005, and "[w]hen a statute makes specific references, it is to be inferred that all omissions are understood as exclusions." *People v. Jones*, 214 Ill. 2d 187, 204 (2005).

Here, the defendant's section 2-301 motion to dismiss for a lack of personal jurisdiction was combined with his motion to set aside the default judgment pursuant to section 2-1301(e), but it was not combined with a motion combining motions filed pursuant to any two of the three sections referenced in section 2-619.1. Section 2-619.1 was thus inapplicable to the defendant's motion, and he need not have complied with its directives. Moreover, even assuming otherwise, we would nevertheless conclude that the circuit court

7

erred in its application of section 2-301.

Pursuant to section 2-301(a-5), by filing a responsive pleading or motion "prior to the filing of a motion in compliance with subsection (a)," a party waives all objections regarding the circuit court's lack of personal jurisdiction. 735 ILCS 5/2-301(a-5) (West 2004). We read section 2-301(a-5) as codifying the long-standing rule that "a party may waive a defect in jurisdiction over the person by proceeding without objection." *Mullaney, Wells & Co. v. Savage*, 31 Ill. App. 3d 343, 347 (1975) (citing *People v. Securities Discount Corp.*, 361 Ill. 551 (1935)). Thus, we believe that section 2-301(a-5)'s language–"in compliance with subsection (a)"–refers to the time that a motion to dismiss for a lack of personal jurisdiction must be filed and is not meant to impose a strict mandate regarding section 2-619.1's pleading requirements. Section 2-619.1 is not a strict mandate (see *Burton v. Airborne Express, Inc.*, 367 Ill. App. 3d 1026, 1029 (2006)), and even if it were, we could not conclude that a party's failure to comply with its requirements would be sufficient to waive the party's otherwise timely objection to a court's lack of personal jurisdiction. We agree with the defendant's suggestion that interpreting section 2-301(a-5) in that manner would allow a technical pleading requirement to "obliterate due process concerns."

Here, the defendant repeatedly objected to the circuit court's jurisdiction over his person, and the plaintiff was in no way prejudiced by the defendant's failure to separate his combined motion into specific parts. The defendant's motion to dismiss specifically stated that it was being brought pursuant to section 2-301, and his motion to set aside the default judgment specifically stated that it was being brought pursuant to section 2-1301(e). The circuit court properly granted West County's motion to dismiss for a lack of personal jurisdiction but basically denied the defendant's request for the same relief because his motion lacked headings. Under the circumstances, the court's denial of the defendant's motion to reconsider the denial of his motion to dismiss for a lack of personal jurisdiction

8

was unjust and unreasonable, and even assuming that the defendant had been required to comply with section 2-619.1's pleading requirements, we could not support a reading of section 2-301 that would lend itself to that result.

"Where a trial court does not have personal jurisdiction over a party, any order or judgment entered against that party is void and subject to direct or collateral attack at any time." *Howard v. Missouri Bone & Joint Center, Inc.*, 373 Ill. App. 3d 738, 740 (2007). Here, the circuit court lacked jurisdiction over the defendant, and we accordingly vacate the judgment entered against him. See *Howard*, 373 Ill. App. 3d at 739.


Vacated.


WELCH and SPOMER, JJ., concur.

NO. 5-08-0605

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

BRUCE HIGGINS,

        Plaintiff-Appellant and Cross-Appellee,

v.

DAVID G. RICHARDS,

        Defendant-Appellee and Cross-Appellant.

) Appeal from the
) Circuit Court of
) Madison County.
)
) No. 00-L-907
)
) Honorable
) Barbara L. Crowder,
) Judge, presiding.

_____

**Opinion Filed**:     June 17, 2010

_____

**Justices**:     Honorable James M. Wexstten, J.,

                  Honorable Thomas M. Welch, J.,
                  Honorable Stephen L. Spomer, J.,
                  Concur

_____

**Attorney
for
Appellant**
     Bob L. Perica, The Perica Law Firm, 229 East Ferguson Avenue, Wood River,
     IL 62095

_____

**Attorneys
for
Appellee**
     Karen L. Kendall, Heyl, Royster, Voelker & Allen, Suite 600 Bank One Building,
     124 S.W. Adams Street, Peoria, IL 61602-1352; Laura L. Althardt, Michael D.
     Clark, Heyl, Royster, Voelker & Allen, 105 West Vandalia, Suite 100, P.O. Box 467,
     Edwardsville, IL 62025-0467

_____